IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

**RECEIVED**

AUG 17 2020

TONY R. MOORE, CLERK
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT LOUISIANA
BY_____

CLINTON STRANGE,

*Plaintiff*

Case No. 5:20-CV

v.

INTERACTIVE DATA SERVICES LLC;

a Florida Domestic Limited Liability Company

&

RYAN PATRICK BURKE,

Individually in his role as an Officer of

Interactive Data Services LLC

*Defendants*

CIVIL ACTION COMPLAINT

FOR VIOLATIONS OF:

THE TELEPHONE CONSUMER PROTECTION ACT OF 1991

**\*\* Jury Trial Demanded\*\***

### PRELIMINARY STATEMENT:

1. This is an action brought in good faith by an adult individual against Defendants INTERACTIVE DATA SERVICES LLC ("IDS"), a Florida Domestic Limited Liability Company, RYAN PATRICK BURKE ("BURKE"), Individually in his role as an Officer of Interactive Data Services LLC, herein and collectively ("Defendants") for alleged numerous violations of the Telephone Consumer Protection Act of 1991 ("TCPA"). The Plaintiff seeks a maximum award for damages along with both preliminary and injunctive relief enjoining the Defendants from future violations of those parts.

### JURISDICTION & VENUE:

2. **Jurisdiction** arises in this Court under a Federal Question pursuant to 28 U.S. Code § 1331.

3. **Venue** lies proper in this U.S. District Court because the Defendant directed their conduct into the forum state of Louisiana and utilized a Caller ID number that made it appear that they were from in or around Oakdale, Louisiana (which is also within the Western District of Louisiana) pursuant to 28 U.S. Code § 1391.

### THE PARTIES:

4. **Plaintiff**, CLINTON STRANGE, is an adult individual residing at the address of:

   CLINTON STRANGE
   7021 WINBURN DRIVE
   GREENWOOD, LA 71033

5. **Defendant** INTERACTIVE DATA SERVICES LLC is a Florida Domestic Limited Liability Company. According to the Florida Secretary of State this entity can be served at the address of:

   RYAN PATRICK BURKE (Registered Agent)
   c/o: INTERACTIVE DATA SERVICES LLC

321 NORTHLAKE BOULEVARD

SUITE # 209

NORTH PALM BEACH, FL 33408

6. **Defendant** RYAN PATRICK BURKE is named Individually in his role as an Officer of Interactive Data Services LLC. According to the Florida Secretary of State this individual can be served at the address of:

RYAN PATRICK BURKE

321 NORTHLAKE BOULEVARD

SUITE # 209

NORTH PALM BEACH, FL 33408

**FACTUAL ALLEGATIONS:**

**SECTION I:**

**THE DOCUMENTED INCIDENTS**

7. Between October 21, 2019 and November 14, 2019, the Defendants placed at least ten (10) calls to the Plaintiff's cellphone number 318-423-5057 using an Automatic Telephone Dialing System ("ATDS") [See Exhibit A].

8. Each and every call that Plaintiff answered that Defendants placed to his cellphone prior to November 14, 2019 was a "dead air" call made using an ATDS with a One Hundred percent (100%) abandonment rate. This is way more than the three percent (3%) allowed by the United States Federal Communication Commission (FCC) over a 30-day period.

9. Plaintiff knows that an ATDS was being employed because of the frequency of the calls and the volume of the calls.

10. The Plaintiff knows that an ATDS was being utilized because each answered call aside from the prerecorded voice Robocall documented on November 14, 2019 lasted exactly eleven or twelve (11-12) seconds before the dialer technology would disconnect the call.

11. Each and every call that the Plaintiff answered that the Defendants placed to his cellphone played exactly eleven to twelve (11-12) seconds of dead air before the dialer technology disconnected the ATDS call prior to November 14, 2019.

12. The Plaintiff tried phoning (back) the calling entity on October 29, 2019 at 2:45pm CST to tell them to stop and a recorded message played indicating the number was "not-in-service" and after fourteen (14) seconds the Defendant's automated system (which never identified the Defendants in any way) disconnected the Plaintiff's call [See Exhibit B].

13. Plaintiff alleges that Defendant Burke personally executed a Telesero license agreement (with Telesero LLC) and licensed between 50 and 285 direct inward dial phone numbers from Telesero LLC (a common carrier), and uploaded both an excel spreadsheet containing approximately ~1.5 Million "leads / phone numbers" along with a pre-recorded voice message "file/s" for broadcasting shortly before the date of August 27,2019.

## SECTION II:

**THE CONSUMER HARM THAT THE PLAINTIFF ALLEGES TO HAVE SUFFERED**

14. Plaintiff does not like to receive unwanted commercially solicitous phone calls on his cellphone peddling Google Business Listing & SEO optimizations services because they "intrude on his seclusion and violate his rights to privacy guaranteed under the U.S. Constitution", and further deplete plaintiff's memory storage capacity, deplete Plaintiff's battery level on his cellphone (amounting to a Trespass to Chattel Tort under Louisiana State Laws), and require him to use a measurable amount of both mental and physical energy to walk to his phone and answer the calls. Plaintiff alleges that he has Article III standing as a result of Defendants' alleged mis-conduct.

15. The unwanted and unsolicited ATDS robocalls caused the Plaintiff's cellphone to "awaken" from rest mode and illuminate, vibrate, and ring each and every time the Defendants called the Plaintiff's cellphone which drained his battery to some extent.

16. The FCC also recognized that "wireless customers are charged for incoming calls whether they pay in advance or after the minutes are used." *In re Rules and Regulations Implementing the Tel. Consumer Prot. Act of 1991*, CG Docket No. 02-278, Report and Order, 18 F.C.C. Rcd. 14014, 14115 ¶ 165 (2003).

## SECTION III:
## HOW THE PLAINTIFF SOUGHT TO MITIGATE HIS DAMAGES

17. On January 3, 2018 the Plaintiff registered his cellphone number on the U.S. Federal Trade Commission's Do-Not-Call List [See Exhibit C].

18. On August 2, 2018 the Plaintiff registered his cellphone with the Louisiana Public Service Commission's Do-Not-Call program [See Exhibit D].

19. Plaintiff noticed a claim on Fusion Data Services LLC and after that claim was ignored Plaintiff brought an enforcement action (a civil lawsuit) against Defendant Ryan Burke (and other jointly and severally liable Defendants) in the United States District Court for the Southern District of Florida. Plaintiff represents that Ryan Burke and any entity that he subsequently became involved with (as an Officer or Director) knew or reasonably should have known that any future calls to his cellphone would constitute "willful & knowing" violations of both subsections b and c of the TCPA [See Exhibit E].

## SECTION IV:
## JURISDICTION & VENUE STATEMENTS

20. Defendants' calls or alternatively the ATDS dialer technology made it appear as though the calls originated from in or around Oakdale, Louisiana which is in Allen Parish, Louisiana based on the area code and prefix:



21. Oakdale, Louisiana is located within Allen Parish, Louisiana:



22. The Plaintiff represents that the map as below is representative of the area that would be representative of calls coming from a call from a number utilizing 318-306-XXXX:



23. Allen Parish, Louisiana is under the jurisdiction of the U.S. District Court for the Western District of Louisiana:





U.S. District Western Louisiana – Source Wikipedia.com

Allen Parish, LA – Source Wikipedia.com

## SECTION V:

## PLAINTIFF'S CELLPHONE IS USED RESIDENTIALLY

24. Plaintiff uses his cellphone for residential purposes such as a bed-side alarm clock, a Home Television Remote Control and Content Streaming Device linked to a Google ChromeCast apparatus, and for in-home web viewing and outdoor weather monitoring. It is also reasonable to conclude or presume that nearly all Louisiana residents (advised to stay at home during the Covid-19 pandemic by order of Governor John Bell Edwards) are primarily using their cellphones as residentially.

25. Plaintiff also utilizes his cellphone (as well as 2 others) as an in-home emergency contact safety device because his V.A. Medical Providers have consistently assigned him a "Fall-Risk-Score Analysis" of between 40 & 65 since at least as far back as December 2017.

## SECTION VI:

## CONCLUSIONARY STATEMENTS

26. Recovery of damages for the two separate provisions (of both subsections b and c of the TCPA) does not upset Congress's balance in setting damages "'fair to both the consumer and the telemarketer.'" See *GVN Mich.*, 561 F.3d at 632 n.8 (quoting 137 Cong. Rec. S16,204, S16,205 (daily ed. Nov. 7, 1991) (statement of Sen. Hollings)).

27. This Court should calculate and appropriately award the Plaintiff both stacked and trebled damages for each and every violation for which [i]t finds the Defendants liable to the Plaintiff for together along with both pre and or post judgement interest and costs of bringing and litigating the action.

28. Plaintiff alleges that Defendants are liable to Plaintiff for damages under the TCPA subsection "c" for ten (10) Violations which should be assessed as trebled totaling $15,000.00.

29. Plaintiff alleges that Defendants are liable to Plaintiff for damages under the TCPA subsection "b" for ten (10) Violations which should be assessed as trebled totaling $15,000.00.

30. Plaintiff alleges that Defendants are liable (based on facts and *prima facie* evidence Plaintiff can produce and or present at this time) to Plaintiff for $30,000.00 for statutory violations of both subsections b and c of the TCPA.

## THE COUNTS AND CAUSES OF ACTION:

## COUNT I:
### (Plaintiff v. Defendants)

**NEGLIGENT VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT**

**47 U.S. Code § 227(c)(5)**

31. Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.

32. Subsection c of the TCPA makes it unlawful for a telemarketer to place more than one telemarketing call to a number registered on the Federal Do-Not-Call list in a twelve-month period.

33. Evidence presented at trial will show that the Defendants placed more than one telemarketing call to the Plaintiff's cellphone which is registered on the Do-Not-Call list within a twelve-month period.

34. To the extent the Court finds that this conduct was only negligent the Plaintiff seeks damages of $500.00 for each and every violation under this count.

**COUNT II:**

**(Plaintiff v. Defendants)**

**WILLFUL AND KNOWING VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT**

**47 U.S. Code § 227(c)(5)**

35. Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.

36. Subsection c of the TCPA makes it unlawful for a telemarketer to place more than one telemarketing call to a number registered on the Federal Do-Not-Call list in a twelve-month period.

37. Evidence presented at trial will show that the Defendants placed more than one telemarketing call to the Plaintiff's cellphone which is registered on the Do-Not-Call list within a twelve-month period.

38. To the extent the Court finds that this conduct was done willfully and knowingly the Plaintiff seeks damages of $1500.00 for each and every violation under this count.

## COUNT III:

### (Plaintiff v. Defendants)

### NEGLIGENT VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT

### 47 U.S. Code § 227(b)(1)(A)(iii)

39. Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.

40. Subsection b of the TCPA makes it unlawful for a telemarketer to place calls to a cellphone using an ATDS or a pre-recorded voice (message) without the written consent of the called party. The Defendants did not have the Plaintiff's consent.

41. Evidence presented at trial will show that the Defendants placed at least ten (10) of such calls to the Plaintiff's cellphone.

42. To the extent the Court finds that this conduct was only negligent the Plaintiff seeks damages of $500.00 for each and every violation under this count.

## COUNT IV:

### (Plaintiff v. Defendants)

### WILLFUL AND KNOWING VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT

### 47 U.S. Code § 227(b)(1)(A)(iii)

43. Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.

44. Subsection b of the TCPA makes it unlawful for a telemarketer to place calls to a cellphone using an ATDS or a pre-recorded voice (message) without the written consent of the called party. The Defendants did not have the Plaintiff's consent.

45. Evidence presented at trial will show that the Defendants placed at least ten (10) of such calls to the Plaintiff's cellphone.

46. To the extent the Court finds that this conduct was done willfully and knowingly the Plaintiff seeks damages of $1500.00 for each and every violation under this count.

~~Jury Trial Demanded- Plaintiff Demands Trial by Jury on all issues so triable~~

**Prayer for Relief;**

WHEREFORE, Plaintiff seeks judgement in Plaintiff's favor and damages against the Defendants, based on the following requested relief:

Statutory Damages;
Actual Damages;
Treble Damages;
Stacked Damages;
Pre and Post Judgement Interest;
Enjoinder from further violations of these parts;
Costs of litigating the action together along with all reasonable attorney's fees (if any) and court costs;
And such other and further relief as may be necessary, just and proper.

Respectfully Submitted,

X _[signature]_     8-12-2020
Clinton Strange
Pro Se     Dated
7021 Winburn Drive
Greenwood, LA 71033
318-423-5057
parsmllc@gmail.com